**W. H. SPARKS et al., Trustees, Appellants,**

**v.**

**W. Thomas BOLTON et al., Appellees.**

**No. 15739.**

Court of Civil Appeals of Texas.

Dallas.

May 20, 1960.

Turner, Rodgers, Winn, Scurlock & Terry, George S. Terry and Jerry N. Jordan, Dallas, for appellants.

Saner, Jack, Sallinger & Nichols, Jerome Chamberlain, Jackson, Walker, Winstead, Cantwell & Miller, B. L. Woolley, Jr., Dallas, for appellees.

DIXON, Chief Justice.

Appellants in this appeal are trustees of a retirement trust for the benefit of employees of General American Oil Company. Appellees are Thomas Bolton and Texas and New Orleans Railroad.

The appeal is from an order sustaining a plea in abatement and dismissing a suit filed by appellants seeking to enjoin appellees from platting and subdividing a portion

of the railroad's right-of-way and constructing a building thereon.

In their pleadings appellants allege that appellees are proceeding under cloak of authority of certain ordinances and acts of the City Council of Dallas, Texas, and certain acts of the City Building Inspector, which ordinances and acts are void.

Appellants on March 10, 1959, filed a verified petition and on July 9, 1959, an amended verified petition. Bolton's plea in abatement filed November 11, 1959, was not verified. Appellants filed an exception in writing attacking the plea in abatement on the ground that it was not verified. The exception was overruled. At the hearing on the plea in abatement no evidence was introduced. Under these circumstances we must carefully examine the pleadings.

Appellants' Pleadings.

Appellants' amended sworn petition is lengthy, so we shall attempt no more than a condensed summary of its allegations.

Appellants as trustees are owners of an interest in land abutting and adjacent to the railroad right-of-way. Appellee Bolton obtained a lease from the Railroad on a portion of the right-of-way at a corner where the right-of-way and Lovers Lane intersect. His intention is to build an automobile service station at the location. To make room for the service station the single railroad track, which now runs down the middle of the 100-feet wide right-of-way, will be moved 35 feet to the east, so that Bolton will have a lot approximately 80 x 200 feet on which to build the station.

On August 8, 1958, appellees filed with the City Plan Commission an application for approval of the subdivision and platting of the one lot. The application was refused by the City Plan Commission.

Thereupon the City Council on September 2, 1958, passed Ordinance No. 7792 providing for temporary zoning of railroad rights-of-way not abandoned for railroad use; providing for temporary platting rules; and providing for the issuance of building permits.

We must pause here to take notice of three facts pled by appellants with reference to Ordinance No. 7792: (1) it was passed without notice to adjacent property owners; (2) it provided that no platting or subdividing of railroad rights-of-way should be approved by the City Plan Commission where the abutting or adjacent properties were in residential zones; and (3) it provided that the City Plan Commission could make only recommendations to the City Council, who would approve or disapprove of the platting.

On October 8, 1958, Bolton resubmitted his application for subdivision and platting of the one lot and for a building permit. The City Plan Commission again refused to approve the platting and subdivision, but under the terms of Ordinance No. 7792 had to refer its decision to the City Council for final action.

On December 1, 1958, the City Council rejected the recommendation of the City Plan Commission and approved Bolton's application.

On June 22, 1959, the City Council passed a resolution ordering the City Manager to direct the appropriate department to issue the building permit upon certain conditions. In this resolution the City Council took cognizance of the pendency of this suit and expressly reserved to the parties such rights as they may have depending on the outcome of the suit. The Council further imposed the condition that if the court in this suit should hold void the action of the Council on December 1, 1958, then the property in question would be subject to a new ordinance which the Council proposes to pass, which ordinance would require a public hearing and notice to nearby property owners before a service station would be permitted at the site in question.

Appellants pled that since the City of Dallas had a City Plan Commission, the

City Council as a matter of law had no right to approve or disapprove of the platting and subdividing of property, hence Ordinance No. 7792 is void, as was the action of the City Council on December 1, 1958, when, purporting to act pursuant to said void ordinance, the City Council approved Bolton's application.

Appellants further pled that property abutting and adjacent to the right-of-way is in a residential zone, so no platting of the right-of-way should be approved; that the right-of-way itself was zoned for railroad uses only, and a service station is not a railroad use; that the City Council's action on December 1, 1958, constituted a change in zoning without a public hearing and without notice, so was void; that the shifting of the railroad tracks will create a new area of land to which the power of zoning has not been applied, therefore without valid rezoning of the land for other than railroad uses, no service station could legally be built thereon; that the act of the City Council in ordering the issuance of a building permit is void because it amounts to a denial of due process, since statutory notice and public hearing were not given; and that the said act of the City Council was arbitrary and capricious.

### Plea In Abatement.

Appellee Bolton's unsworn plea in abatement in substance alleged that on June 9, 1959, the Building Inspector of the City of Dallas issued to him a permit authorizing him to construct a service station on the property in controversy; by issuing said building permit the Building Inspector had in effect found that appellee Bolton had complied with the Building Code and Zoning Ordinance of the City of Dallas; the proposed use to be made of the property complies with the Building Code, Zoning Ordinances and other ordinances of the city; the Building Inspector is charged with the duty of administering and enforcing the Zoning Ordinance; and appellants have not taken an appeal to the Board of Adjustment from the Building Inspector's decision, as required by the Zoning Ordinance of the City of Dallas and by Art. 1011g, Vernon's Ann.Civ.St.; and their failure to take said appeal precludes them from seeking a court injunction.

### Court's Judgment.

The trial court's order sustaining the plea in abatement and dismissing appellants' suit contains these recitations:

"The Court, therefore, was of the opinion that since plaintiffs did not appeal to the Board of Adjustment from the action of the Building Inspector in issuing the building permit in question that plaintiffs' suit was prematurely brought and that such plea in abatement should be sustained despite the fact that plaintiffs were complaining about alleged void acts of the City Council of Dallas, Texas occurring prior to the issuance of the building permit by the Building Inspector of the City of Dallas. * * *

"It is further ordered, adjudged and decreed by the Court that the plea in abatement filed by the defendant, Thomas Bolton, Seeking to abate Plaintiffs' suit and cause of action because of Plaintiffs' failure to exhaust their administrative remedies by appealing to the Board of Adjustment of the City of Dallas from the decision of the Building Inspector of the City of Dallas in issuing the building permit complained of, be, and the same is hereby sustained and that plaintiffs' suit and cause of action be abated and dismissed *without prejudice as to the rights of either party except as herein specifically ruled on.*

"It is further ordered, adjudged and decreed by the Court that the plaintiffs' cause of action be, and the same is hereby dismissed for the failure of plaintiffs to exhaust their administrative remedies prior to filing this suit."

## Opinion.

In their first five points on appeal appellants in substance contend that they were under no duty to appeal to the Board of Adjustment, but could seek relief in a direct, independent court action, since they were attacking ordinances, acts, and orders which are void.

■ The law is that when a building inspector is acting within the scope of his legal authority, a party aggrieved by his decision must exhaust his administrative remedy by appealing to the Board of Adjustment before he may sue in a court for redress. But this rule does not apply if the building inspector is acting under ordinances or orders which are void. Ordinances or administrative orders which are void may be attacked in a direct, independent proceeding in court without resort to appeal to the Board of Adjustment. Davis v. City of Abilene, Tex.Civ.App., 250 S.W.2d 685; Board of Adjustment of City of San Antonio v. Levinson, Tex.Civ.App., 244 S.W.2d 281; City of Amarillo v. Stapf, 129 Tex. 81, 101 S.W.2d 229.

■ If the factual allegations in appellants' sworn petition are true (and they are not denied in Bolton's unsworn plea in abatement) the ordinances and acts of the City Council and the Acts of the Building Inspector in this case are void. Ordinance No. 7792 passed by the City Council on August 8, 1958, is void if by its terms the City Council attempted to take over the platting and subdividing responsibilities of the City Plan Commission. Art. 974a, V.A.C.S.; Hollis v. Parkland Corporation, 120 Tex. 531, 40 S.W.2d 53. We also think the ordinance is void if, under guise of a temporary order, the City Council undertook to set up machinery for the zoning, and permanent subdividing, and permanent use of property without notice to interested nearby property owners. If the property has already been zoned for railroad uses only, as appellants allege, the ordinance constituted an attempt to rezone property without notice contrary to Art. 1011f, V.A.C.S.; Tonroy et al. v. City of Lubbock, Tex.Civ.App., 242 S.W.2d 816.

Appellee says that by issuing the permit the Building Inspector in effect found that appellees complied with the Building Code and Zoning Ordinance of the City of Dallas and that the proposed use of the property is in compliance with said ordinances. We cannot agree to this contention for two reasons: (1) if the permit was issued pursuant to a void ordinance and orders, the purported implied findings of the Building Inspector have no significance whatever; and (2) in the light of the resolution of the City Council of June 22, 1959, the Building Inspector did not make any findings at all— he merely issued the permit because the City Council and City Manager sent down orders for him to do so.

Among the cases cited by appellees as authority in support of their position are Rosenthal v. City of Dallas, Tex.Civ.App., 211 S.W.2d 279; City of Dallas v. Rosenthal, Tex.Civ.App., 239 S.W.2d 636; City of Dallas v. Halbert, Tex.Civ.App., 246 S.W.2d 686; Washington v. City of Dallas, Tex.Civ.App., 159 S.W.2d 579, and Sams et al. v. Dema, Tex.Civ.App., 316 S.W.2d 165. Each of the above cases deals with the question of nonconforming uses. That question is not in any way involved in the instant case. Therefore we do not consider the holdings in the above cases applicable here.

Appellants' first five points on appeal are sustained.

In their sixth point on appeal appellants assert that the court erred in not dismissing Bolton's plea in abatement since it was not verified.

As we have said elsewhere in this opinion the plea in abatement was not verified, and appellants in writing excepted to it on that ground. Their exception was overruled.

We are of the opinion that appellants' exception should have been sustained, and

if appellees had refused to amend by verifying their plea, the plea should have been dismissed. It is true, as appellees point out, that pleas in abatement are not included in the list of pleas which must be verified under Rule 93, Texas Rules of Civil Procedure. But it has long been the rule that such pleas in abatement as that filed by Bolton must be verified. Graham et al. v. McCarty et al., 69 Tex. 323, 7 S.W. 342; Chapman v. Fennessy et al., Tex.Civ.App., 262 S.W. 185.

 Appellees say that the above-cited cases are not applicable under our present Rules of Procedure. We do not agree. In 2 McDonald, Texas Civil Procedure, p. 504 it is said: "Pleas to the jurisdiction or pleas in abatement, even though not enumerated in Rule 93, must be verified." See also the comments by the same authority on pages 616–617, Sec. 7.05; and page 634, Sec. 7.16 in the same volume.

The rule that verification is required is especially applicable here, where appellants interposed timely objection to the lack of verification, which objection was overruled by the court; and where the court sustained the plea in abatement without any testimony being introduced.

It is true that failure to verify may be waived expressly, or by implication, as by failure to object. 2 McDonald, Texas Civil Procedure, Sec. 5.16, page 509. Also the defect may sometimes be cured by the reception, without objection, of testimony in support of the plea's allegation. But no such situation is presented in this case. Appellants' sixth point is sustained.

Appellants' seventh point is that appellees waived their plea in abatement by filing a cross-action and making new parties with reference to the same subject matter as that pled in appellants' suit. Appellees later took a nonsuit in their cross-action. In view of our sustaining of preceding points we see no need to pass on this point.

We are not attempting on this appeal to decide this case on its merits. We

are simply holding that it was error for the court, under the circumstances shown by the record, to sustain Bolton's plea in abatement and to dismiss appellants' suit.

The judgment of the trial court will be reversed, and judgment here rendered directing the trial court to set aside its order sustaining the plea in abatement and to set aside its order dismissing appellants' suit.