Raymond E. THOMAS, Appellant,

v.

The CITY OF SAN MARCOS, Appellee.

No. 11882.

Court of Civil Appeals of Texas,
Austin.

Feb. 23, 1972.

Leonard L. Franklin, Alan Minter, Austin, for appellant.

Kyle, Walker & Kyle, Albert M. Walker, San Marcos, Small, Herring, Craig & Werkenthin, Fred B. Werkenthin, Austin, for appellee.

O'QUINN, Justice.

Appellant brought this lawsuit and invoked the Uniform Declaratory Judgments Act seeking judicial determination of his right to operate a mobile home park as a nonconforming use under an interim zoning ordinance of the City of San Marcos.

The trial court heard the case on the merits, reserving decision on a plea to the jurisdiction, and afterwards entered judgment dismissing the cause for want of jurisdiction.

We agree that the district court was without jurisdiction of the suit and will affirm the judgment.

In January of 1970 appellant purchased about fifty acres of land adjoining the corporate limits of San Marcos, but not within the city, and started work to develop the land as a mobile home park. Later, in April, appellant acquired a second tract of about seven acres, adjacent to the first tract, and placed two mobile homes on the seven acres to be occupied by his son and a nephew who were to manage the mobile home park.

The City Council of San Marcos set in motion a proceeding which resulted in annexation, on May 11, 1970, of some 280 acres of land, including the property of appellant. The annexation proceedings carried with it an interim and temporary zoning classification of the annexed property for single family residence purposes.

Before final action by the city council on the annexation, appellant ceased development work on his land, upon receipt of a letter from the county attorney of Hays County requesting that work be halted until appellant's proposed sewerage system could be approved by the Texas Water Quality Board. At that time work on appellant's property was limited to initial surveying and grading of areas to be used for streets, parking, and mobile home sites. No further work thereafter was undertaken or completed.

The City of San Marcos pleaded that appellant "failed to exhaust his administrative remedies available, nor is this matter ripe for judicial review," and that the cause should be dismissed. The trial court recited in the judgment that the City of San Marcos "presented its plea to the jurisdiction . . . to the effect that the Plaintiff [appellant] had not exhaused [sic] the administrative remedies available to him, that the matter was not ripe for judicial review" and that the court was deprived of jurisdiction of the subject matter. After stating that the court was of the opinion "that the law and facts are with the Defendant [City of San Marcos] on such plea," the trial court ordered dismissal of the case.

Since the court heard the case on its merits, reserving decision on the plea to the jurisdiction, it is not clear whether the judgment of dismissal was based entirely upon appellant's failure to exhaust his administrative remedies or in part upon the theory that the matters before the court were not ripe for judicial review under the Declaratory Judgments Act for want of a justiciable controversy. The record does not disclose that findings of fact or conclusions of law were made, or that findings and conclusions were timely requested. We must affirm the judgment if it can be upheld on any legal theory supported by the evidence. Seaman v. Seaman, 425 S. W.2d 339, 341 (Tex.Sup.1968).

Appellant pleaded that at the time of annexation and the temporary zoning of his land it was being used "for the construction and establishment of a mobile home village" which did "not conform to the regulations" under the zoning classification. Appellant further pleaded that "such non-conforming use may be continued" under provisions of the zoning ordinance.

Appellant testified by deposition in effect that a mobile home park had not been put into operation prior to the date his property was annexed and the zoning ordinance became effective. No mobile homes

were on the fifty-acre tract, and none was on the smaller tract, execpt the two homes placed there for the use of his son and his nephew who were to manage the park. Construction on the land was incomplete, no pads for the homes had been installed, and no utilities, including gas, electricity, sewers, and telephones, were present on the site.

The zoning ordinance, in dealing with "newly annexed territory," provides: "All territory hereafter annexed . . . shall be temporarily classified Single-Family dwelling purposes only until permanently zoned by the Governing Body. The City Planning and Zoning Commission shall, as soon as practical after annexation of any territory . . . institute proceedings . . . to give the newly annexed territory a permanent zoning . . . "

After annexation of his property, appellant did not seek an amendment of the temporary zoning through the planning and zoning commission authorized to institute proceedings to give the newly annexed area a permanent zoning. Appellant testified that he did not apply for a building permit to continue work on the park, and that he did not request the building inspector or the board of adjustment for a determination of the status of his property under provisions of the ordinance governing nonconforming uses.

The San Marcos zoning ordinance provides that "The lawful use of . . . property existing at the time . . . [the ordinance becomes effective], although such use does not conform . . . may be continued." The ordinance defines a nonconforming use as "A building, structure or use of land *lawfully occupied at the time of the effective date of this Ordinance or amendments thereto,* and which does not conform to the use regulations of the district in which it is situated." (Emphasis added)

■ Shortly after appellant's property came under the zoning ordinance, the building inspector advised appellant by let-ter that any use of his land for other than single family dwellings would be in violation of the zoning regulations. Appellant did not thereafter seek a variance or exception before the board of adjustment, a body authorized by ordinance and by statute to ameliorate exceptional instances which if not relieved could endanger the integrity of the zoning plan. Art. 1011g, Vernon's Ann.Tex.St. See also Bassett, Zoning (1936) 133, 167.

Appellant does not challenge validity of the zoning ordinance. Appellant's position, as presented in his brief, is: "It should be stated at the outset that appellant does not contest the validity of the San Marcos Zoning Ordinance nor the annexation of territory including his property which made such ordinance applicable to his property. Appellant does claim protection of Section 18 of the ordinance . . . [recognizing nonconforming uses] which provides for continuance of uses existing at the time of imposition of restrictions and of the constitutional proscriptions against retrospective laws."

Appellant insists that at the time his property was annexed, and the zoning regulations became applicable to the land, appellant had matured an existing nonconforming use of his property as a mobile home park. Appellant did not apply to the building inspector after annexation for a permit to complete the work started on his land prior to annexation. The building inspector testified that as long as the land was outside the city limits, no permit was required and that after the property was annexed no work was done requiring a permit. The inspector stated, "the time that I require permits is the time that building started, electrical started, or plumbing started."

■ Ordinances providing for exception of nonconforming uses are generally held to contemplate nonconforming uses actually existing as distinguished from property set apart for future use. Caruthers v. Board of Adjustment, 290 S.W.2d

340, 347 (Tex.Civ.App. Galveston 1956, no writ); Meserole v. Board of Adjustment, 172 S.W.2d 528, 530 (Tex.Civ.App. Dallas 1943, no writ). But if appellant is correct that the use he was making of his land, when the zoning regulations became effective, constituted an established nonconforming use, no effort was made by him to obtain from the building inspector the permits necessary for completion of the project. Appellant's suit for declaratory judgment called upon the court to render an advisory opinion as to his future rights if on application the city should refuse a building permit, and no actual controversy existed. See McLarty v. Borough of Ramsey, D.C., 166 F.Supp. 291, involving facts similar; affirmed 3rd Cir., 270 F.2d 232.

If appellant is seeking by this suit to have the court declare his constitutional rights as to the use he was making of his property when it was annexed, it must be shown that in some manner the City of San Marcos has denied the reasonable and proper use of his property. Failing in this showing, through administrative remedies or otherwise, there was no justiciable controversy before the court. California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960). See also Nardi v. City of Providence, 89 R.I. 437, 153 A.2d 136 (1959).

Whatever rights appellant had to an exception, or to a variation from provisions of the ordinance, for his proposed park, or to a zoning classification favorable to his operation, were not properly before the trial court because of appellant's failure to pursue and exhaust the administrative remedies available to him, either with the board of adjustment or with the planning and zoning commission and the city council.

Boards of adjustment have power under Article 1011g, V.A.T.S., to "hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in enforcement of" the statutes or ordinances adopted pursuant to the statutes. (Art. 1011g(g) 1) Boards of adjustment are also empowered to hear and decide special exceptions to terms of the ordinance, and, upon appeal from administrative decisions, to authorize variances from the ordinance to avoid unnecessary hardship " . . . so that the spirit of the ordinance shall be observed and substantial justice done." (Art. 1011g(g) 2, 3)

■ It is settled that the administrative remedies provided by Article 1011g must be exhausted before matters affecting nonconforming uses may be brought to the courts for determination. In Rosenthal v. City of Dallas, 211 S.W.2d 279, 291 (Tex. Civ.App. Dallas 1948, writ ref. n. r. e.), the court pointed out that the building inspector was the only official who could lawfully determine the existence of facts supporting a nonconforming use and "the operations proposed by the appellant . . . " Appellant argues that he had an option to bring this suit or to pursue his remedies before the board of adjustment. The decision in City of Amarillo v. Stapf, 129 Tex. 81, 101 S.W.2d 229 (1937) makes clear that when applicability of an ordinance is questioned, administrative remedies afforded by Article 1011g must be exhausted before redress may be had in court. As the enforcement officer for zoning ordinances, the building inspector is authorized to require proof of a nonconforming status when claimed, and if the inspector's findings are adverse, the claim to a nonconforming use is determinable on appeal to the board of adjustment and then by certiorari to the courts. Washington v. City of Dallas, 159 S.W.2d 579 (Tex.Civ.App. Dallas 1942, no writ).

■ Under appellant's testimony and other evidence in the record it is clear that appellant made no effort to obtain a determination by the building inspector, the board of adjustment, or any other agency of the City of San Marcos as to whether he would be permitted to continue his project based upon the claim that it was a non-

conforming use. Appellant thus failed to make use of the administrative remedies available to him, and the trial court properly dismissed the suit upon determining that the court was without jurisdiction of the subject matter.

Judgment of the trial court is affirmed, and appellant's cause is ordered dismissed.