CITY OF DALLAS, Texas, Appellant,

v.

Mike GAECHTER et al., Appellees.

No. 18553.

Court of Civil Appeals of Texas,
Dallas.

April 24, 1975.

Rehearing Denied June 5, 1975.

Alex Bickley, City Atty., Leigh Bartlett, Asst. City Atty., Dallas, for appellant.

David C. Musslewhite, Stalcup, Johnson, Meyers & Miller, Dallas, for appellees.

AKIN, Justice.

The City of Dallas brought this suit seeking a mandatory injunction against Mike Gaechter, Gaechter Outdoor Advertising, Inc., and Ross J. Interrante to compel them to remove or lower an advertising sign erected in violation of the Dallas airport zoning ordinance. The trial court, sitting without a jury, denied plaintiff's requested relief and ordered that the defendants maintain the sign at its present location and height, until the city grants defendants a permit to relocate the sign, on the same property, twenty-five feet nearer to the highway. On granting such a permit, the order requires defendants, at their own expense, either to move the sign to the permitted location or to lower the sign by 17.58 feet. The city appeals, contending that it is entitled to the full relief prayed for. By cross-points, defendants assert that the court erred in granting the city any injunctive relief.

The land in question is located at 3760 West Northwest Highway in the city of Dallas. The defendants [1] obtained a permit from the building inspection department of the city of Dallas, to build the sign to a height of fifty feet above the ground level. After erection of the sign, the building inspection department discovered that the sign exceeded the maximum height permitted under the Airport Zoning Ordinance Number 6463 by 17.58 feet. The city did not appeal to the Board of Adjustment of the City of Dallas, as permitted by the Airport Zoning Ordinance, but brought this suit in the trial court instead.

In its findings of fact the trial court found: (1) that lowering the sign 17.58 feet at its present location would destroy its utility and value because the view of the sign would be completely obstructed by other structures; (2) that it would cost defendants $15,000 to remove the sign; (3) that because of the great distance between the sign and the end of the runway at Love Field, the present location of the sign is not a hazard, danger or nuisance; and (4) that the height violation was caused by the negligent mistake of the building inspection department, without any fault of the defendants.

The trial court concluded that it had discretionary equitable power under Tex.Rev. Civ.Stat.Ann. art. 46e–12 (Vernon 1969) and the general law and it additionally had powers coextensive with those of the Board of Adjustment to allow appropriate variances from the requirements of the zoning ordinance.

The city urges that neither alternative offered in the trial court's judgment is acceptable. First, it contends that this sign should be altered or removed because it is in violation of the Airport Zoning Ordinance and the validity of that ordinance is not questioned by defendants. Secondly, the city contends that to allow the sign to be moved twenty-five feet closer to Northwest Highway would place the sign in violation of the Sign Standards Ordinance of the City of Dallas. In oral argument, the city conceded that the board would have had power to permit erection of the sign in its original location as a variance from the Airport Zoning Ordinance.

---

1. Defendant Ross J. Interrante is the owner of the property upon which the sign is located and he filed no answer and made no appearance in the trial court. Defendants Gaechter and Gaechter Outdoor Advertising signed a lease with defendant Interrante on December 5, 1972, for construction and maintenance of the sign in question.

Two key questions are presented by this appeal: (1) Was the trial court required by law to grant the mandatory injunctive relief sought by the City?; and (2) Does the district court have power to grant variances concurrent with that of the Board of Adjustment? We answer these questions negatively. Although we hold that the city was not entitled to the mandatory relief sought, we hold that the trial court erred in permitting the sign to remain as a variance to the Airport Zoning Ordinance. Accordingly, we reverse the judgment of the trial court and deny all injunctive relief without prejudice to the city's right to revoke the building permit and without prejudice to Gaechter's right to appeal to the Board of Adjustment to obtain a variance.

## MANDATORY INJUNCTIVE RELIEF

The city's first point of error contends that the trial court erred in failing to grant it a mandatory injunction requiring defendants to remove the sign or reduce its height so it would comply with the provisions of the Airport Zoning Ordinance.

The city reasons that since the defendants are not contesting the validity of the Airport Zoning Ordinance, and violation of that ordinance is shown, the trial court should have granted the requested mandatory injunction pursuant to Tex.Rev.Civ. Stat.Ann. art. 1011h (Vernon 1963) (hereinafter art. 1011h), which provides in part:

> In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted, or maintained, or any building, structure, or land is used in violation of this Act or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of the municipality, in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance, or use, to re-

strain, correct, or abate such violation, to prevent the occupancy of said building, structure, or land, or to prevent any illegal act, conduct, business, or use in or about such premises.

We hold that article 1011h does not remove all discretion from the trial court with respect to issuance of a mandatory injunction to enforce a zoning ordinance. The facts of the particular case must be considered by the trial court in reaching its decision as to what would be appropriate action for the court to take. City of Snyder v. Cogdell, 342 S.W.2d 201, 203 (Tex.Civ.App.—Eastland 1960, no writ). This holding is supported by Texas case law dealing with mandatory injunctions. A mandatory injunction compelling the alteration, destruction or removal of property is an extraordinary remedy and should be granted with great caution and, ordinarily, only in cases of necessity, where serious injury is being inflicted or will be inflicted. Cabla v. Shockley, 402 S.W.2d 289, 291 (Tex. Civ.App.—Amarillo 1966, writ ref'd n. r. e.); Nolte Irrigation Co. v. Willis, 180 S.W.2d 451, 455 (Tex.Civ.App.—Amarillo 1944, writ ref'd w. o. m.); First State Bank & Trust Co. v. Starr County, 306 S.W.2d 246, 248 (Tex.Civ.App.—San Antonio 1957, no writ). No such necessity or serious injury appears here. The trial court found the sign as presently located is not a hazard or danger or a public nuisance. This finding indicates that defendants might have sought and obtained a variance by application to the board of adjustment if the city had voided or had denied the permit. The city cannot deny defendants that right by applying to the court for a mandatory injunction and contending, as it does here, that the court had no power to allow the variance. Therefore, we conclude that the trial court properly declined to exercise its equitable injunctive powers by ordering the sign removed before the defendants had the opportunity to secure a variance from the board of adjustment. We do not hold, how-

ever, that no mandatory injunction would be proper if such a variance were finally denied, or if defendants had proceeded without ever seeking a permit and/or variance.

■■ In reaching this conclusion we do not accept the argument advanced by defendants that the city is estopped by the action of the building inspector on which defendants relied in erecting the sign. We reject this position for the following reasons: First, as a general rule a governmental unit exercising its governmental powers is not subject to estoppel. The zoning powers of the city that are relevant to this case are police powers granted the city by the legislature, and such governmental functions are not subject to estoppel. *See* City of Hutchins v. Prasifka, 450 S.W.2d 829, 835 (Tex.1970). Second, an estoppel, if allowed in this case, would preclude the Gaechter's right to appeal to the Board of Adjustment. In City of Amarillo v. Stapf, 129 Tex. 81, 101 S.W.2d 229, 233 (1937), the Supreme Court rejected the idea that a city building inspector was estopped from revoking a permit he issued, with the following observation:

To permit an estoppel simply because the recipient of a permit may act upon some promise of the administrative officer, or *even upon the permit itself* prior to the expiration of the time for an appeal to the Board of Adjustment, would destroy the right of appeal. [Emphasis added.]

## TRIAL COURT'S POWER TO GRANT A VARIANCE

We also hold that the trial court does not have independent power to grant a variance, and therefore we sustain the city's fourth point of error.

Tex.Rev.Civ.Stat.Ann. art. 1011g (Vernon Supp.1974) provides in § (d) that appeals to the Board of Adjustment may be taken by any person aggrieved or by any officer, department, board, or bureau of the municipality affected by any decision of the administrative officer. Section (g) of article 1011g provides the Board of Adjustment shall have the power "to hear and decide appeals where it is alleged that there is error in any order, requirement, decision, or determination made by any administrative official in the enforcement of this Act or of any ordinance adopted pursuant thereto." [2] Sections (j, k, l, m) and (n) provide for appeal by writ of certiorari to a district court from a decision of the Board of Adjustment.

In City of San Angelo v. Boehme Bakery, 144 Tex. 281, 190 S.W.2d 67, 70 (1945), the Supreme Court held that a district court could not exercise powers coextensive with those of the Board of Adjustment while hearing an appeal from the decision of that board. On this point the court said:

The court is not to put itself in the position of the board and substitute its discretion for that of the board. In giving the power to take evidence it was clearly not intended to authorize the court to exercise that power just as if it were the board itself.

The defendants urge that the trial court properly concluded it had powers coextensive with those of the Board of Adjustment to allow variances, on two grounds.

Defendants' first ground is that if the instant case had come to the district court as an appeal from the Board of Adjustment under Tex.Rev.Civ.Stat.Ann. art. 46e–11 (Vernon 1969) (hereinafter article 46e–11), the court could have determined independently whether an exception or variance was appropriate. Defendants' contention is wrong for the reason that article 46e–11 is not applicable in this case, as this is not an

---

**2.** The issuance of defendants' permit can be appealed to the board of adjustment by the city. City of Amarillo v. Stapf, 129 Tex. 81, 101 S.W.2d 229, 233 (1937).

appeal to the district court on the ground "that a decision of a Board of Adjustment is illegal."

Defendants' second ground is that the city had the right to appeal the issuance of defendants' permit to the Board of Adjustment and that board could have granted a variance. Thus, defendants argue that when the city sought direct relief in the district court, that court "was thereby clothed with the power to do that which the Board of Adjustment could have done had the city exercised its right to appeal to the Board of Adjustment." As support for this position, defendants cite the case of City of Dallas v. Rosenthal, 239 S.W.2d 636, 642 (Tex.Civ.App.—Dallas 1951, writ ref'd n. r. e.). In that case, Mr. Justice Young, speaking for this court, said in part:

Having pled that the rulings of its Building Inspector and issuance of the permits in question were in violation of zoning laws, the City, perforce of Art. 1011h, Vernon's Ann.Civ.Stat., was amply authorized to maintain the instant suit filed May 22, 1946; the latter article constituting a cumulative remedy independently and regardless of the provisions of Art. 1011g requiring an appeal to the Board. Art. 1011g requires any person aggrieved, or officer, etc., to appeal from any decision of the administrative officer "within a reasonable time."

We do not regard that case as standing for the principle that article 1011h clothes the district court with power concurrent to that of the Board of Adjustment. In Rosenthal, this court held that the issuance of the permit by the building inspector was a decision reviewable by the Board of Adjustment at the instance of the city, and in absence of such a review, the board's decision was held to be conclusive. This holding was consistent with an earlier decision of this court in the same litigation. In Rosenthal v. City of Dallas, 211 S.W.2d 279

(Tex.Civ.App.—Dallas 1948, writ ref'd n. r. e.), the court held that the building inspector was given certain duties by the legislature and the city council and "his rulings when supported by evidence as in the instant case, cannot be attacked except by appeal as provided in article 1011g." We construe the "in addition to other remedies" language in article 1011h to mean that the city has the right, as does any aggrieved party, to appeal issuance of the permit to the Board of Adjustment and in addition to that remedy the city may seek injunctive relief in the district court. This remedy is cumulative, as stated by Justice Young in the later Rosenthal decision. The language "in addition to other remedies" does not mean that whenever the city is dissatisfied with issuance of a permit by a building inspector, it can challenge that permit in the district court by a suit for injunctive relief without appealing to the Board of Adjustment. By seeking injunctive relief, however, the city does not lose its right to appeal issuance of the permit to the Board of Adjustment.

The governing concept in this area is best stated by Chief Justice Dixon of this court in Sparks v. Bolton, 335 S.W.2d 780, 784 (Tex.Civ.App.—Dallas 1960, no writ):

The law is that when a building inspector is acting within the scope of his legal authority, [the] party aggrieved by his decision must exhaust his administrative remedy by appealing to the Board of Adjustment before he may sue in a court for redress. But this rule does not apply if the building inspector is acting under ordinances or orders which are void. Ordinances or administrative orders which are void may be attacked in a direct, independent proceeding in court without resort to appeal to the Board of Adjustment.

The Bolton opinion limits the circumstances in which a party may proceed to

district court without appealing to the Board of Adjustment to the situation where the party is complaining that the building inspector acted under a *void ordinance.* With regard to a complaint of a *void permit issued under a valid ordinance, Bolton* holds that a "party aggrieved by his [building inspector] decision must exhaust his administrative remedy by appealing to the Board of Adjustment before he may sue in a court for redress."

We, therefore, conclude that when the applicability of an ordinance is questioned, administrative remedies afforded by article 1011g must be exhausted before redress can be obtained from the courts. Thomas v. City of San Marcos, 477 S.W.2d 322, 325 (Tex.Civ.App.—Austin 1972, no writ).[3] To permit the city the injunctive relief sought without invoking the jurisdiction of the Board of Adjustment would, in effect, deny defendants the right to have the Board of Adjustment pass on the question of their right to a variance, and to have the board's decision reviewed by the district court.

In summation, we hold the trial court did have discretion to deny the city's request for a mandatory injunction, but that the trial court does not have powers concurrent with those of the Board of Adjustment to issue variances. We, therefore, reverse the decree of the trial court and render judgment denying injunctive relief without prejudice to the right of the city to appeal the issuance of defendant's permit to the Board of Adjustment, or to the right of defendants to apply to the board for a variance under the ordinance. So ordered.

[3.] Indeed, it has been held that petitioners are not entitled to enjoin the use of property in violation of zoning ordinances where the ordinance provides such questions are to be resolved by a board of adjustment—even when the city council has not formed the board of adjustment! Instead, the petitioner should mandamus the city council to perform their ministerial duty of establishing the board of adjustment so petitioners might appeal the building inspector's issuance of the permit. Sams v. Dema, 316 S.W.2d 165, 169 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.).