**Jim WINN, Appellant,**

**v.**

**CITY OF IRVING, Texas, Appellee.**

**No. 05–88–00480–CV.**

Court of Appeals of Texas, Dallas.

March 13, 1989.

---

1. Ch. 958, 1985 Tex.Gen.Laws 3227, 3231 (repealed 1987).

Marty Cannedy, James A. Rasmussen, Wichita Falls, for appellant.

Cathy L. Meyer, Irving, for appellee.

Before McCLUNG, KINKEADE and OVARD, JJ.

KINKEADE, Justice.

Jim Winn appeals a summary judgment dismissing his suit for an injunction and damages based upon the City of Irving's failure to rezone his property. Winn contends that the summary judgment was improper because material fact issues existed. We disagree and affirm the trial court's judgment.

Winn owned property in the City of Irving which he used in an auto salvage operation. This use violated Irving's zoning ordinance, so Winn applied to Irving's Zoning and Planning Commission to rezone his property. Although the Zoning and Planning Commission may recommend action to the Irving City Council, it cannot enact zoning ordinances. Winn failed to pursue his zoning request before the City Council, the only body empowered to rezone property in Irving. Winn then filed suit against Irving for its failure to rezone his property. Irving moved for summary judgment and the trial court granted its motion.

■ Winn complains that issues of material fact remained unresolved and, therefore, summary judgment was improper. He argues that his failure to request rezoning from the City Council was only a failure to exhaust his administrative remedies and not an element of his cause of action.

He maintains that the trial court should have abated his cause of action because he simply failed to fulfill one of the prerequisites to filing suit. Irving, however, argues that a request to the City Council for rezoning was an element of the cause of action, which Winn admits he failed to perform.

Irving, the defendant in the trial court, moved for summary judgment. A defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists as to the plaintiff's cause of action. *See Arnold v. National County Mutual Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). This may be accomplished by the defendant's summary judgment evidence showing that at least one element of the plaintiff's cause of action has been established conclusively against the plaintiff. *See Gray v. Bertrand,* 723 S.W.2d 957, 958 (Tex.1987).

It is settled that the administrative remedies provided by Local Government Code section 211.009–.010 (formerly article 1011g) must be exhausted before matters regarding nonconforming uses may be brought before the courts. *City of Dallas v. Gaechter,* 524 S.W.2d 400, 405 (Tex.Civ. App.—Dallas 1975, writ dism'd). Section 211.009 provides that boards of adjustment may hear and decide special exceptions and variances from zoning ordinances. Winn, by his admissions and answers to interrogatories, admitted that he never presented a rezoning request to the Irving City Council, the entity which determines all zoning matters in Irving. Winn thus failed to exhaust the available administrative remedies.

Winn instituted this suit to prevent Irving from enforcing its zoning ordinance, thereby allowing Winn to continue his present use of the property. However, Winn must show that Irving denied him reasonable and proper use of his property through administrative remedies. *Thomas v. City of San Marcos,* 477 S.W.2d 322, 325 (Tex.Civ.App.—Austin 1972, no writ). Without such a showing, there was no justiciable controversy before the trial court. *Id.* Whatever rights Winn had to an exception or variance from the zoning ordinance

were not before the trial court because Winn failed to exhaust his administrative remedies before the Irving City Council. *Id.* Therefore, Irving was entitled to a summary judgment dismissing the suit because the court lacked jurisdiction. *Id.* at 326. Although Winn contends that abatement was the proper remedy, he never requested that the trial court abate his suit rather than dismiss it. This Court cannot grant such relief when requested for the first time on appeal. TEX.R.APP.P. 52(a). We affirm the trial court's judgment.

The City of Irving prays that this Court grant delay damages as authorized by TEX.R.APP.P. 84. The city alleges that Winn prosecuted this appeal for delay and without sufficient cause. However, we find some merit, though not persuasive, in Winn's arguments and hold that Irving's right to a judgment in its favor was not so clear as to say Winn's appeal was without sufficient cause. We, therefore, decline to assess delay damages against Winn.