TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00150-CV






Ab-Tex Beverage Corporation, Appellant



v.



Angelo State University, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT 


NO. C-01-1271-C, HONORABLE RAE LEIFESTE, JUDGE PRESIDING






O P I N I O N




 This is an appeal from the granting of a plea to the jurisdiction based on sovereign
immunity. Appellant Ab-Tex Beverage Corporation sued Angelo State University for breach of
contract and declaratory judgment arising out of a contract whereby Ab-Tex acquired the exclusive
right to provide food and drink vending services on the university's campus. The district court
dismissed the suit for want of jurisdiction. On appeal, Ab-Tex essentially concedes that sovereign
immunity bars its claims against the university, (1) but asserts nonetheless that the district court's
dismissal order was erroneous because the plea was unsworn, the proper relief was to abate the suit,
and the order should not have disposed of Ab-Tex's claims on the merits. We will modify the
judgment of the trial court, and, as modified, we will affirm.


FACTUAL BACKGROUND


 Ab-Tex's pleading alleged that on June 23, 1997, the university and Ab-Tex entered
into a contract wherein Ab-Tex agreed to purchase the "exclusive right for food and drink vending
services" on the university's campus. In return for the rights of exclusivity, Ab-Tex agreed to pay
the university a minimum of $100,000 annually, as well as equal installments of $250,000 over the
first five years of the contract. Ab-Tex's lawsuit alleged that the university breached the contract
when it "instituted and expanded competing vending operations for food and drink products" on
campus. In addition, the university allegedly imposed unreasonable restrictions on Ab-Tex's
vending machine operations. The suit sought a declaratory judgment to define the rights and
obligations of the parties under the contract. It also sought actual damages and attorney's fees.

 The university answered the suit and filed a plea to the jurisdiction asserting the bar
of sovereign immunity. Ab-Tex amended its petition and added allegations that its property had
been taken without adequate compensation in violation of its constitutional rights. Ab-Tex also
alleged causes of action for "quantum meruit, fraudulent inducement and unconscionability." It
alleged that the university's conduct was proprietary in nature, rather than governmental, so that the
university was estopped to assert sovereign immunity. Finally, Ab-Tex asserted that the open courts
provision of the Texas Constitution prevented enforcement of the university's sovereign immunity. (2) 
It pleaded for actual damages which were specified to be lost profits, sales, and revenues. The suit
also sought to recoup out-of-pocket expenses, as well as the value of the money and property taken
for public use in violation of article 1, section 17 of the Texas Constitution.

 Again, the university filed a plea to the jurisdiction urging sovereign immunity,
among other defenses. Ab-Tex specially excepted to the university's jurisdictional plea complaining
that (1) the plea was not verified, (2) abatement, not dismissal, was the appropriate remedy because
Ab-Tex should be given an opportunity to obtain legislative permission for the suit, and (3) if the
court lacked jurisdiction, it should not also deny relief on the merits as the university's proposed
judgment provided. The trial court denied Ab-Tex's special exceptions and signed the university's
proposed order dismissing the suit for want of jurisdiction, and stating that "[a]ll relief not expressly
granted herein is DENIED." Ab-Tex appeals the order based on the three grounds raised in its
special exceptions and none other.


DISCUSSION


Scope and Standard of Review

 A plea to the jurisdiction challenges the district court's authority to decide the subject
matter of a lawsuit. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Suing the
State requires the plaintiff to prove the State's consent to the suit. Texas Natural Res. Conservation
Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). Without the State's consent to suit, sovereign
immunity defeats a court's subject matter jurisdiction. Id. Subject matter jurisdiction raises a
question of law, which we review de novo. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998). Consequently, we review jurisdictional issues of sovereign immunity de novo. IT-Davy, 74 S.W.3d at 855.


Dismissal Order Improperly Disposed of Merits

 Ab-Tex complains in its first issue that the trial court should not have adjudicated the
merits of its claim after the court found that it lacked subject matter jurisdiction. The proper
procedural avenue, Ab-Tex contends, was to dismiss Ab-Tex's lawsuit without prejudice. We agree
with the general principle, but we find that the trial court did not adjudicate the merits of Ab-Tex's
claims in its dismissal order. The order did not state that the claims were dismissed "with
prejudice," rather the order granted a motion and denied all "relief not expressly granted."

 Ab-Tex is correct that a plea to the jurisdiction is a dilatory plea because it seeks to
defeat a cause of action without regard to its merits. Bland Indep. Sch. Dist., 34 S.W.3d at 554.
Without subject matter jurisdiction, a court is powerless to render judgment on the merits of a
lawsuit. Black v. Jackson, 82 S.W.3d 44, 56 (Tex. App.--Tyler 2002, no pet. h.); Li v. University
of Tex. Health Science Ctr., 984 S.W.2d 647, 654 (Tex. App.--Houston [14th Dist.] 1998, pet.
denied). An order that dismisses a lawsuit for want of jurisdiction is not res judicata of the merits
of that lawsuit and does not bar the plaintiff from bringing the same cause again once the
impediment to jurisdiction has been removed. See Brown v. Prairie View A & M Univ., 630 S.W.2d
405, 408 (Tex. App.--Houston [14th Dist.] 1982, writ ref'd n.r.e.); Cox v. Klug, 855 S.W.2d 276,
279 (Tex. App.--Amarillo 1993, no writ).

 The district court's order granted the university's motion and then denied all "relief
not expressly granted." This quoted language is a "Mother Hubbard" clause which speaks to the
finality and appealability of the judgment. There was never any doubt but that the university's plea
to the jurisdiction was directed at the entirety of Ab-Tex's lawsuit; it was clear that the dismissal
order disposed of all issues and parties and was final and appealable. While the Mother Hubbard
clause was inappropriate and should not have been included in this order, we do not believe that it
effected an adjudication of the merits of Ab-Tex's lawsuit. The clause was obviously intended to
apply to and deny any other relief requested in the university's jurisdictional plea. We hold that the
dismissal order did not adjudicate the merits of Ab-Tex's claims against the university, and would
have no preclusive effect on these claims if Ab-Tex brings them again, should the impediment to
jurisdiction ever be removed. The order should not have contained the sentence: "All relief not
expressly granted herein is DENIED." We will modify the order to omit this sentence and to
substitute in its place the sentence: "All of plaintiff's claims are dismissed without prejudice for want
of jurisdiction." Ab-Tex's first issue is overruled.


Abatement

 Ab-Tex also complains that the trial court erred in dismissing rather than abating its
lawsuit. Ab-Tex argues that it should have been given an opportunity to obtain a legislative waiver
of the university's sovereign immunity rather than suffering a dismissal. (3) Ab-Tex's complaint
assumes, incorrectly, that it cannot refile its lawsuit in the event it obtains legislative consent to suit. 
Once it obtains consent, it has two years from the effective date of the legislative resolution in which
to file its lawsuit. Tex. Civ. Prac. & Rem. Code Ann. § 107.002(a)(2) (West 1997).

 Ab-Tex argues that the trial court erred in refusing to abate the lawsuit, citing Federal
Sign v. Texas Southern University as authority for its position. 951 S.W.2d 401 (Tex. 1997). It
bases its argument on the following language in the supreme court's Federal Sign decision, "Federal
Sign actually has a remedy against TSU-it may sue and recover its damages, if it first obtains
legislative permission to do so. See generally Tex. Civ. Prac. & Rem Code §§ 107.001-.005." Id.
at 409. In Federal Sign, the trial court initially abated the suit until the plaintiff obtained legislative
consent. "Rather than obtaining legislative consent to sue," the plaintiff moved for rehearing and
the trial court denied the university's jurisdictional plea and rendered judgment on a jury's verdict
for the plaintiff. Federal Sign, 951 S.W.2d at 404. The court of appeals reversed, instructing the
trial court to dismiss the case on remand, and the supreme court affirmed.

 Ab-Tex's argument stretches the supreme court's language in Federal Sign too far. 
The court did not hold that a trial court must abate a breach-of-contract suit, rather than dismiss,
when faced with a jurisdictional plea based on sovereign immunity. The question of whether to
abate or dismiss the case was not an issue before the supreme court in Federal Sign. The fact
situations in the two cases are entirely different. Merely repleading could not correct the
jurisdictional defect in Ab-Tex's lawsuit. Removing the jurisdictional impediment must be done
outside of the lawsuit itself. We cannot say that it was error to dismiss the suit rather than abate it. 
Because the dismissal was without regard to the merits, there is no reason why Ab-Tex cannot refile
its lawsuit should it ultimately obtain legislative permission to sue the university. See Tex. Civ.
Prac. & Rem. Code Ann. § 107.002(a)(2) (requiring that suit be brought within two years of effective
date of the resolution). (4) See, e.g., IT-Davy, 74 S.W.3d at 857. Ab-Tex's second issue on appeal is
overruled.


Pleading Formalities

 In its third issue, Ab-Tex attacks the trial court's dismissal because the university's
plea to the jurisdiction was not verified. The university's plea did not contain allegations of fact that
were necessary to the granting of the dismissal. A jurisdictional plea is not among those pleas
required to be verified. See Tex. R. Civ. P. 93; City of Fort Worth v. Robles, 51 S.W.3d 436, 444
(Tex. App.--Fort Worth 2001, pet. denied); American Pawn & Jewelry, Inc. v. Kayal, 923 S.W.2d
670, 672 (Tex. App.--Corpus Christi 1996, writ denied). The plea to the jurisdiction was not
rendered defective because it was not verified.

 Ab-Tex filed special exceptions complaining of the university's failure to verify its
plea. The trial court denied the special exceptions and Ab-Tex cites two cases as authority for its
argument that the court erred: Law Offices of Yarborough & Pope, Inc. v. Nat'l Automobile Cas. Ins.
Co., 548 S.W.2d 462, 463 (Tex. Civ. App.--Fort Worth 1977, writ ref'd n.r.e.); and Sparks v.
Bolton, 335 S.W.2d 780, 785 (Tex. Civ. App.--Dallas 1960, no writ). These decisions are not
applicable to this case. First, Sparks expressly addresses pleas in abatement, not pleas to the
jurisdiction. 335 S.W.2d at 785. Second, National Automobile involved the dismissal of an appeal
from an award of the Industrial Accident Board, which is a type of plea expressly required by Texas
Rule of Civil Procedure 93 to be verified. 548 S.W.2d at 463; see also Tex. R. Civ. P. 93. Third,
the jurisdictional challenge in this case goes to an issue of law only and not an issue of fact. The
dismissal was based solely on Ab-Tex's pleadings taking all facts alleged therein as true. The
university's plea to the jurisdiction did not go to the merits of Ab-Tex's suit and was established by
the face of Ab-Tex's pleadings. See Robles, 51 S.W.3d at 444-45; Grand Prairie Hosp. Auth. v.
Tarrant Appraisal Dist., 707 S.W.2d 281, 283 (Tex. App.--Fort Worth 1986, writ ref'd n.r.e.). Ab-Tex's third issue is overruled.


CONCLUSION


 The trial court's order of dismissal for want of jurisdiction is modified to omit the
sentence: "All relief not expressly granted herein is DENIED," and to substitute in its place the
sentence: "All of plaintiff's claims are dismissed without prejudice for want of jurisdiction." Tex.
R. App. P. 43.2(b). As modified, the judgment is affirmed.



 

 David Puryear, Justice

Before Justices Kidd, Patterson and Puryear 

Modified and, as Modified, Affirmed

Filed: January 16, 2003

1. Ab-Tex does not challenge the propriety of the trial court's dismissal of its declaratory
judgment claim; consequently, we do not address the issue in this opinion.
2. Ab-Tex does not complain about the substance of the trial court's dismissal of these claims
and this opinion does not address the substance of the trial court's action.
3. The doctrine of sovereign immunity protects the State from lawsuits for money damages. 
Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex. 2002); General Servs. Comm'n
v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001). It encompasses two concepts,
immunity from suit and immunity from liability. Id. In order to maintain a suit against the State,
a plaintiff must defeat both types of immunity. Immunity from liability protects the State from
money judgments. Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 853 (Tex.
2002); Little-Tex Insulation Co., 39 S.W.3d at 594. The State waives its immunity from liability by
contracting with a private party, as it did in this case, but retains its immunity from suit. It-Davy,
74 S.W.3d at 854; Little-Tex Insulation Co., 39 S.W.3d at 594. Immunity from suit, on the other
hand, prevents lawsuits against the State unless the legislature expressly consents to the suit. It-Davy, 74 S.W.3d at 854; Little-Tex Insulation Co., 39 S.W.3d at 594. Only the legislature can waive
immunity from suit either by statute or by resolution. It-Davy, 74 S.W.3d at 853-54; Federal Sign
v. Texas S. Univ., 951 S.W.2d 401, 409 (Tex. 1997). The aggrieved party may seek redress for
alleged breaches of contract by asking the legislature to waive its immunity from suit. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 107.001-.005 (West 1997). Additionally, in 1999, the legislature
created an administrative process providing for alternative dispute resolution and contested case
hearings as the exclusive remedy for breach-of-contract claims against the State. Tex. Gov't Code
Ann. §§2260.001-.108 (West 2000 & West Supp. 2003). These administrative proceedings are a
mandatory prerequisite to any relief from the legislature under chapter 107 of the Texas Civil
Practices and Remedies Code. Id. § 2260.005 (West Supp. 2003).
4. The "effective date" of such a resolution is the date the governor signs it. State v. John R. 
Phenix & Assocs., 6 S.W.3d 288, 291 (Tex. App.-- Houston [14th Dist.] 1998, no pet.).