# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00703-CV

**Charles E. Wallace, Appellant**

**v.**

**Texas Department of Health; Eduardo Sanchez, M.D.; Sharilyn Stanley, M.D.; John Doe and Jane Doe, Appellees**

### FROM THE COUNTY COURT OF LAW NO. 1 OF TRAVIS COUNTY
### NO. 266975, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from the dismissal for lack of jurisdiction of appellant Charles E. Wallace's employment discrimination claims against the Texas Department of Health ("the Department") and several of its employees. Wallace contends that the trial court erred in granting pleas to the jurisdiction based upon Wallace's failure to exhaust administrative remedies and sovereign immunity. We affirm in part and reverse and remand in part.

## FACTUAL AND PROCEDURAL BACKGROUND

After receiving information in January 2002 concerning similarly situated employees' salaries, Wallace filed a "Charge of Discrimination" in July 2002 with the Federal Equal Employment Opportunity Commission against the Department. In the complaint, Wallace specified that his discrimination complaint was also to be filed with the applicable state agency, the Texas

Commission of Human Rights ("Commission"),[1] as well as with the EEOC. In response, the EEOC sent Wallace a letter in August 2002 that notified him of his right to institute a civil action under Title VII of the Civil Rights Act of 1964.[2]

Wallace then proceeded to file this suit against the Department, Eduardo Sanchez, M.D., Sharilyn Stanley, M.D., John Doe and Jane Doe, in November 2002. Against the Department, Wallace alleged race discrimination under the Texas Commission on Human Rights Act ("TCHRA")[3] and under Chapter 106 of the Texas Civil Practice and Remedies Code, constitutional violations, and breach of contract. Against the individual defendants, Wallace alleged constitutional violations, illegal conspiracy, intentional infliction of emotional distress, and breach of contract.[4] In January 2003, approximately two months after he filed suit, Wallace received a "Notice of Right To File A Civil Action" letter from the Commission advising Wallace of his right to file a private civil action in state court within sixty days of the receipt of the letter.

The Department and the individual defendants filed two pleas to the jurisdiction and motions to dismiss that were granted in February 2003 and December 2005. The February 2003 order dismissed without prejudice Wallace's claims against the Department for discrimination based on race and his claims for retaliation under the TCHRA as to "discrete acts occurring more than 180

---

[1] In 2004, the Texas Commission on Human Rights was abolished, and its powers and duties were transferred to the civil rights division of the Texas Workforce Commission. *See* Tex. Lab. Code Ann. § 21.0015 (West 2006).

[2] 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2006).

[3] Tex. Lab. Code Ann. §§ 21.001-.556 (West 2006 & Supp. 2006).

[4] Wallace sued Sanchez in his official capacity, but he sued Stanley in both her official and individual capacities.

days" before the date he filed his Charge of Discrimination with the EEOC. The order also dismissed without prejudice Wallace's breach of contract claims, his constitutional tort claims for damages, and his intentional tort, conspiracy, and exemplary damages claims against the individuals in their official capacities. The December 2005 order dismissed without prejudice all of Wallace's discrimination claims based upon race and claims for retaliation under the TCHRA. This appeal followed.

## ANALYSIS

On appeal, Wallace contends the trial court erred in dismissing his contract, tort, and money damages claims because his claims are not barred by sovereign immunity and the trial court erred in dismissing his TCHRA claims because he timely filed his petition in accordance with the statutory requirements. For the reasons that follow, we affirm the trial court's February 2003 order that dismissed Wallace's contract, tort, and money damages claims but reverse the trial court's December 2005 order that dismissed Wallace's TCHRA claims.

### Standard of Review

A plea to the jurisdiction is a dilatory plea in which a party challenges a trial court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a question of law we review *de novo*. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The plaintiff has the burden to allege facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

3

*February 2003 Order:  Sovereign Immunity*

Wallace contends the trial court erred in granting the Department's plea to the jurisdiction based on sovereign immunity and dismissing his tort, breach of contract, and money damages claims because the Department and its employees performed illegal or unauthorized acts and the Texas Constitution operates as a waiver of sovereign immunity.  We disagree.

Sovereign immunity prevents suits against the State and its employees acting in their official capacity unless the State expressly consents to being sued.  *IT-Davy*, 74 S.W.3d at 855-56; *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Ab-Tex Beverage Corp. v. Angelo State Univ.*, 96 S.W.3d 683, 687 n.3 (Tex. App.—Austin 2003, no pet.).[5]  Sovereign immunity requires the party suing a governmental entity to plead and prove the State's consent to suit, either by reference to a statute or express legislative permission.  *IT-Davy,* 74 S.W.3d at 853-54.  Without the State's consent to suit, sovereign immunity defeats a court's subject matter jurisdiction.  *Id*.

Wallace's allegations do not satisfy his burden to demonstrate that the State has consented to suit for the claims that he has made.  *See Jones*, 8 S.W.3d at 638.  Wallace fails to assert factual allegations that show the State consented to suit for his breach of contract claims against the Department and the individuals in their official capacities.  *See IT-Davy*, 74 S.W.3d at 855-56; *Ab-Tex Beverage*, 96 S.W.3d at 687 n.3.  Similarly, Wallace failed to plead facts under the Texas Tort Claims Act to support jurisdiction for his tort claims.  *See* Tex. Civ. Prac. & Rem.

---

[5] Sovereign immunity consists of two basic principles of law, immunity from liability and immunity from suit.  Immunity from liability does not affect a court's jurisdiction to hear a case.  On the other hand, immunity from suit defeats a trial court's subject matter jurisdiction.  *Tsumi, Inc. v. Texas Parks & Wildlife Dep't*, 23 S.W.3d 58, 61 (Tex. App.—Austin 2000, pet. denied).

Code Ann. §§ 101.021, .025 (West 2005); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224-25 (Tex. 2004) (governmental entity is immune from suit for a tort unless liable under Texas Tort Claims Act). We conclude the trial court correctly found that it lacked jurisdiction to hear Wallace's tort, breach of contract, and money damages claims based upon sovereign immunity.[6]

Wallace also contends on appeal that the initial filing of his complaint with the EEOC was timely because it was "within 180 days of the event." This issue possibly addresses the portion of the February 2003 order that dismisses Wallace's TCHRA claims based on "discrete acts occurring more than 180 days" before the date he filed his Charge of Discrimination with the EEOC. Assuming Wallace has raised this issue on appeal, we conclude that the trial court properly dismissed Wallace's claims for "discrete acts" that occurred more than 180 days before he filed his administrative complaint. *See generally Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162 (2007) (charging period runs from "discrete" act of intentional discrimination, not from the date the effects of the act are felt).

We affirm the trial court's February 2003 order in its entirety and turn to the December 2005 order.

---

[6] Wallace also raises official immunity on appeal as to the individual defendants. Official immunity is an affirmative defense that protects government employees from personal liability. *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004); *Telthorster v. Tennell*, 92 S.W.3d 457, 460-61 (Tex. 2002). We do not address this issue because Wallace's remaining claims are under the TCHRA, and Stanley, the only defendant sued in her individual capacity, is not subject to liability under the TCHRA. *See* Tex. Lab. Code Ann. § 21.002(8) ("employer" defined); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001) (supervisors not considered "employers" under labor code).

*December 2005 Order:  Exhaustion of Administrative Remedies*

The December 2005 order dismissed Wallace's TCHRA claims.  Wallace contends he filed his private civil action in accordance with the statutory requirements and that the trial court erred in granting the plea to the jurisdiction and in finding that it lacked jurisdiction.  Because we conclude that the trial court had jurisdiction at the time it dismissed Wallace's TCHRA claims, we reverse the December 2005 order.

The labor code establishes certain time periods in which an aggrieved employee must comply to bring a private civil action under the TCHRA.  One statutory time period requires an employee to file an administrative complaint within 180 days of any alleged discriminatory acts.  *See* Tex. Lab. Code Ann. § 21.202(a) (West 2006); *see also Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485-86 (Tex. 1991).  The Texas Supreme Court has held that this requirement is "mandatory and jurisdictional" and "failing to comply deprives the court of subject matter jurisdiction." *Schroeder*, 813 S.W.2d at 486[7]; *see also Czerwinski v. Univ. of Tex. Health Sci. Ctr.*, 116 S.W.3d 119, 121-22 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *but see Ancira Enterprises, Inc. v. Fischer*, 178 S.W.3d 82, 89 n.8 (Tex. App.—Austin 2005, no pet.) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000); noting "the trend among Texas courts has been to view state statutory prerequisites for claims as mandatory but not jurisdictional").

---

[7] In *Schroeder*, the complainant failed to file an administrative complaint before filing suit. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485-86 (Tex. 1991).  In that context, the supreme court concluded that the complainant's "failure to file a complaint and to pursue his administrative remedies with the Commission create[d] a jurisdictional bar." *Id*. at 488.  Wallace, in contrast, filed his administrative complaint before his private civil action.

6

Another time period under the TCHRA is the administrative process period—the period in which the employee must wait 180 days from filing his administrative complaint or until he receives a right-to-sue letter from the Commission before filing his private civil action. *See* Tex. Lab. Code Ann. §§ 21.252, .254 (West 2006); *Burgmann Seals Am., Inc. v. Cadenhead*, 135 S.W.3d 854, 857 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Texas courts of appeals, including this Court, have concluded that during this period, the Commission's jurisdiction is exclusive as to TCHRA claims. S*ee Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 700 (Tex. App.—Waco 2002, pet. withdrawn) (*Schroeder* suggests that legislature intended the TCHRA to be the "exclusive forum" for resolving employee discrimination claims.); *Stinnett v. Williamson County Sheriff's Dep't*, 858 S.W.2d 573, 577 (Tex. App.—Austin 1993, writ denied) (policy of TCHRA furthered by placing "exclusive forum" for resolution of TCHRA claims with the Commission). Had the Department filed its plea to the jurisdiction during the administrative period, the trial court properly would have dismissed Wallace's claims under the TCHRA without prejudice. *See also Pinkard v. Pullman-Std.*, 678 F.2d 1211, 1218-19 (5th Cir. 1982) (action subject to dismissal at any time prior to receipt of right-to-sue letter under Title VII).[8]

At the time the trial court faced the Department's second plea to the jurisdiction in December 2005, however, almost two years had passed since the administrative period had ended.

---

[8] In enacting the TCHRA, the Legislature intended to correlate state law with federal law in employment discrimination cases. *See* Tex. Lab. Code Ann. § 21.001. "Because one purpose of the [TCHRA] is to bring Texas law in line with federal laws addressing discrimination, federal case law may be cited as authority." *Specialty Retailers v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).

The issue then is a court's jurisdiction at the conclusion of the administrative period—specifically, whether a court has subject matter jurisdiction when the administrative period ends and a private civil action asserting TCHRA claims remains pending. The courts are not divested by an agency of the subject matter jurisdiction they would otherwise possess to adjudicate a dispute unless the legislature has granted the agency exclusive jurisdiction, or the sole power to make the initial determination in the dispute. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). Although the Commission has exclusive jurisdiction over a TCHRA claim during the 180-day administrative period, we conclude that upon its expiration, subject matter jurisdiction over any suit asserting the TCHRA claim vests in the judicial branch. *Cf. Perry v. Del Rio*, 66 S.W.3d 239, 249-52 (Tex. 2001) (explaining that intervening events can ripen a suit that was unripe and subject to dismissal when filed); *but see Bernard v. Browning-Ferris Indus., Inc.*, No. 01-92-00134-CV, 1994 Tex. App. LEXIS 2541, at **9-11 (Tex. App.—Houston [1st Dist.] 1994, no pet. h.) (op. on reh'g, not designated for publication).[9]

Nor do we believe that the legislature intended claimants like Wallace to be jurisdictionally barred from asserting his TCHRA claim in court, for failure to exhaust administrative

---

[9] In *Bernard*, an aggrieved employee filed his complaint with the Commission and then, later on the same day, he filed his civil action in state court. *Bernard v. Browning-Ferris Indus., Inc.*, No. 01-92-00134-CV, 1994 Tex. App. LEXIS 2541, at *9 (Tex. App.—Houston [1st Dist.] 1994, no pet. h.) (op. on reh'g, not designated for publication). Our sister court found that it lacked jurisdiction and dismissed the employee's discrimination claims under the TCHRA, reasoning that by allowing the employee to proceed to court without regard to the administrative process, the process would be disrupted and would minimize the possibility of resolving the complaint informally. *Id*. at **8-16. We find the reasoning in *Bernard* unpersuasive under the facts before this Court because the Department could have obtained a dismissal of Wallace's TCHRA claims without prejudice at any time prior to the expiration of the administrative period, which action would have addressed the stated concerns in *Bernard*—disruption of the administrative process and minimization of the possibility of informal resolution.

remedies, merely because he did not wait the full 180 days after filing his administrative complaint before filing suit. Any defect arising from his premature filing could have been cured if Wallace, upon receipt of the right-to-sue letter from the Commission or at the expiration of the 180th day, had merely dismissed his suit and then immediately re-filed it. We conclude that Wallace's premature filing and failure to take the additional step of non-suiting and refiling, while perhaps having procedural ramifications, is not the sort of defect that goes to the trial court's subject matter jurisdiction over his suit. *Cf. Tellez v. City of Socorro*, 50 Tex. Sup. Ct. J. 827, 2007 Tex. LEXIS 468, at *3 (Tex. June 1, 2007) (procedural defects do not affect subject matter jurisdiction); *Ancira Enterprises*, 178 S.W.3d at 89 n.8 (issue of whether "employer" under TCHRA did "not implicate the jurisdiction of the district court").

We also find the Fifth Circuit's reasoning in *Pinkard,* although it concerned a court's jurisdiction of a prematurely filed claim in the context of a Title VII action, persuasive to our resolution in this case:

> [A] dismissal [for premature suits] would be without prejudice, and the plaintiff could bring a new action upon receipt of a right-to-sue letter. To distinguish such an action, once dismissed and then renewed, from an action where the defect is cured while the action remains pending is to distinguish between a glass half full and a glass half empty. Barring a Title VII plaintiff, who received his right-to-sue letter after filing suit, from ever pursuing his Title VII claim would not only be anomalous, but also would be an extreme sanction, contrary to the general policy of the law to find a way to prevent the loss of valuable rights, not because something was done too late, but rather because it was done too soon. . . . It would also contravene our well-established policy not to interpret Title VII's procedural requirements in a manner that bars substantive claims.

678 F.2d at 1218 (citations omitted). Under a Title VII claim, an employee must file his administrative complaint and then wait to receive a right-to-sue letter from the EEOC before filing

a private civil action. Although the TCHRA does not require the receipt of a right-to-sue letter prior to bringing suit, the reasoning in *Pinkard* is consistent with the TCHRA's language and purpose and supports not barring a TCHRA private civil action based on the employee's procedural failure to dismiss and re-file his action when the action remains pending at the conclusion of the administrative period.[10]

We conclude, therefore, that the trial court had subject matter jurisdiction of Wallace's TCHRA claims at the conclusion of the administrative period. The trial court, therefore, erred in granting the Department's second plea to the jurisdiction in the December 2005 order.

## CONCLUSION

We affirm the trial court's order from February 2003, reverse the trial court's December 2005 order, and remand the cause for further proceedings.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed in part; Reversed and Remanded in part

Filed: August 28, 2007

---

[10] Because we hold that the trial court had subject matter jurisdiction and that it erred in dismissing Wallace's TCHRA claims, we do not address Wallace's contentions on appeal concerning the right-to-sue letters that he received from the Commission and the EEOC or the availability of equitable considerations when a civil action is prematurely filed.