

**NUMBER 13-15-00459-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **REGINALD TRAINER, EFRAIN AVENDANO, PAUL HULIN AND HERMAN LEVINGSTON,** | **Appellant,** |
| **v.** | |
| **CITY OF PORT ARTHUR,** | **Appellee.** |

**On appeal from the 172nd District Court
of Jefferson County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Justice Garza**

Appellants Reginald Trainer, Efrain Avendano, Paul Hulin and Herman Levingston sued appellee, the City of Port Arthur, Texas (the "City"), seeking to invalidate a City zoning ordinance. The trial court granted a plea to the jurisdiction filed by the City on the basis of mootness and failure to exhaust administrative remedies, and appellants argue

that this was error.  We affirm in part and reverse and remand in part.

## I. BACKGROUND

This case involves certain property in Port Arthur owned by the Port Arthur Independent School District ("PAISD").  In 2013, PAISD asked the Port Arthur City Council to re-zone the land so that it could be sold to a residential developer, ITEX Group, LLC ("ITEX").  The property had been zoned as two-family residential ("2F") but PAISD requested that it be re-zoned as multi-family residential ("MF") in order to accommodate ITEX, which intended to build townhomes or apartments on the property.

Several owners of land adjacent to the subject property, including appellants, filed written protests with the City Council objecting to the re-zoning.  *See* TEX. LOC. GOV'T CODE ANN. § 211.006(a) (West, Westlaw through 2015 R.S.) (providing that re-zoning "is not effective until after a public hearing on the matter at which parties in interest and citizens have an opportunity to be heard").  After the issue was first considered by the City Council in April of 2013, ITEX met with several of the protestors.  According to appellants, ITEX convinced some of the protestors to withdraw their protests, while other protestors withdrew their protests on the condition that the proposed apartments be restricted to senior citizens.  Appellants did not withdraw their protests.

On July 9, 2013, the City Council passed Ordinance No. 13-32, which re-zoned the property at issue from 2F to "Planned Development District No. 36" ("PD-36"), on a 5–3 vote.  The ordinance provided that PD-36 "shall permit . . . Multi-Family development consisting of townhomes joined by common walls."

Appellants then filed the instant suit against the City for declaratory and injunctive relief, arguing that the ordinance is invalid because it did not receive the approval of a

2

three-fourths supermajority of the City Council. *See id.* § 211.006(d) (providing that a zoning change must receive "the affirmative vote of at least three-fourths of all members" of the city council when a protest is "written and signed by the owners of at least 20 percent of either: (1) the area of the lots or land covered by the proposed change; or (2) the area of the lots or land immediately adjoining the area covered by the proposed change and extending 200 feet from that area"). The trial court granted appellants' request for a temporary restraining order enjoining the City from "allowing the zoning change found in Ordinance 13-32 to be applied to the land" at issue. The temporary restraining order also enjoined the City "from granting any person or entity a permit of any kind, including a building permit or a certificate of occupancy, that would result in the Property being used for a purpose allowed under a MF zoning classification that is not allowed on a 2F zoning classification . . . ." Trial was set for October 24, 2013.

The City filed a plea to the jurisdiction on October 22, 2013, arguing: (1) the City was entitled to governmental immunity and appellants failed to allege facts showing a waiver of that immunity; (2) appellants failed to exhaust their administrative remedies under Chapter 211 of the local government code, *see id.* § 211.010(a) (West, Westlaw through 2015 R.S.) (providing that any person aggrieved by a decision made "by an administrative official" may appeal that decision to the municipality's zoning board of adjustment ("ZBOA")); and (3) the suit was "not ripe or justiciable" because, "[a]s a matter of law the City's zoning ordinances do not apply to land while it is owned by [PAISD]."

On October 24, 2013, after hearing argument from both parties' attorneys, the trial court agreed with the City that it lacked jurisdiction because appellants had failed to exhaust their administrative remedies. However, instead of dismissing the suit, the trial

3

court declared that it would "give [appellants] an opportunity to come back and explain to the Court that [they] have exhausted [their] administrative remedies in accordance with what the statute says."

Attempting to comply with the trial court's directive, appellants appeared before the City's ZBOA at its next meeting on November 21, 2013, and presented their argument that the ordinance was invalid. According to appellants, the City argued at the meeting that the ZBOA had no authority to hear the matter. At the conclusion of the meeting, the ZBOA issued a decision agreeing with appellants that the ordinance was invalid. No party appealed this decision.

More than a year after the ZBOA's decision, ITEX applied for and received a permit to construct 39 duplexes and a community center on the subject property.[1] The permit stated that the current zoning on the property was PD-36. However, the proposed construction did not include apartments or townhomes for which an MF or PD-36 zoning designation would be required. The parties dispute whether the project would have been permitted under the original 2F zoning. Appellants did not challenge the building permit before the ZBOA.

The City then filed an amended plea to the jurisdiction arguing that: (1) appellants' claims are moot "because they received administrative relief"; (2) appellants failed to exhaust their administrative remedies prior to filing suit; and (3) appellants' claims should be dismissed because ITEX was an "omitted but necessary part[y]." *See* TEX. R. CIV. P. 39. Appellants then filed an amended petition (1) adding ITEX as a defendant, and (2)

---

[1] By the time the building permit was issued, ITEX had obtained title to the subject property from PAISD.

4

asserting an additional claim that the duplex project was not authorized under a 2F zoning designation.[2] Subsequently, the City filed a supplement to their plea to the jurisdiction contending that appellants did not exhaust their administrative remedies with regard to their newly-raised claim.[3]

After an August 28, 2015 hearing at which no testimony was taken, the trial court granted the City's plea. It later issued findings of fact and conclusions of law stating in part that appellants' claims "regarding the validity of City of Port Arthur Ordinance No. 13-32 have been rendered moot by the decision of [ITEX] to proceed with a project on the property involving the construction of two-family residences, or duplex units, rather than a multi-family project contemplated by Ordinance 13-32." The trial court further concluded that appellants "failed to exhaust their administrative remedies for their claims, if any, regarding any error made by the City's administrative official in issuing a permit for the construction of two-family residences, or duplex units, on the Property under the City's zoning ordinance." This appeal followed.

## II. DISCUSSION

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34

---

[2] Appellants' amended petition requested a declaratory judgment stating: (1) that the ZBOA's November 21, 2013 decision "repealed Ordinance 13-32 in its entirety"; (2) in the alternative, that the ordinance was invalid because it was not approved by a supermajority of the City Council; (3) that the property's "current zoning classification is 2F"; and (4) that the project for which ITEX received a building permit "is not allowed under current zoning." The amended petition also requested an injunction precluding the City from issuing any permits for development on the subject property "that would not be allowed under a 2F zoning classification."

[3] ITEX also filed a plea to the jurisdiction arguing that appellants failed to exhaust their administrative remedies. The record does not contain a ruling on the plea. ITEX is not a party to this appeal.

5

S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even when the evidence implicates the merits of the cause of action. *Id.* at 227; *Blue*, 34 S.W.3d at 555; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228. But if the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227–28. In considering the evidence, we "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

**B.    Mootness**

By their first issue on appeal, appellants argue that the trial court erred in granting the plea to the jurisdiction with regard to the claim made in their original petition that Ordinance 13-32 is invalid because it was not approved by a supermajority of the City Council. Specifically, they contend that the claim is not moot because Ordinance 13-32 has not been repealed and a permit was issued in accordance with the ordinance's zoning change.

The general rule is that a case becomes moot, and thus unreviewable, when it appears that a party seeks to obtain relief on some alleged controversy when in reality none exists. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *Clements v. Haskovec*, 251 S.W.3d 79, 83 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Labrado v. Cnty. of El Paso*, 132 S.W.3d 581, 589 (Tex. App.—El Paso 2004, no pet.) (describing mootness as "a component of subject matter jurisdiction")); *Schaban–Maurer v. Maurer–Schaban*, 238 S.W.3d 815, 822 (Tex. App.—Fort Worth 2007, no pet.). "A case becomes moot if at any stage there ceases to be an actual controversy between the parties." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 167 (Tex. 2012).

The City argues that the ZBOA's November 21, 2013 decision fully and finally resolved the issue raised by appellants in their original petition—i.e., whether the ordinance was invalid because it had not been approved by a supermajority of the City Council. The City notes that, when an ordinance is repealed and replaced with one that specifically addresses the complaint, the challenge to the old ordinance may become

7

moot. *See id.* The City further argues that ITEX's proposed project is in compliance with the original 2F zoning that existed prior to the ordinance's enactment.

Appellants, on the other hand, point out that although the ZBOA declared Ordinance No. 13-32 to be invalid, the ordinance was never formally repealed by the City Council. They also note that the building permit eventually issued to ITEX, dated March 10, 2015, states that the applicable zoning designation for the property remains PD-36—not 2F, as it would be if the ZBOA's November 21, 2013 decision had the effect of repealing the ordinance.

We agree with appellants that their original claim is not moot. The building permit indicates that, notwithstanding the ZBOA's November 21, 2013 decision, the City continues to consider the subject property as zoned PD-36. In other words, the City continues to treat the property as if the ordinance were valid and in full effect. Moreover, the City has not directed us to any statute or other authority, and we find none, authorizing the ZBOA to invalidate an ordinance that has been duly passed and enacted by the City Council. The statute delineating the authority of a ZBOA provides that it has the authority to:

> (1)  hear and decide an appeal that alleges error in an order, requirement, decision, or determination made by an administrative official in the enforcement of this subchapter or an ordinance adopted under this subchapter;
>
> (2)  hear and decide special exceptions to the terms of a zoning ordinance when the ordinance requires the board to do so;
>
> (3)  authorize in specific cases a variance from the terms of a zoning ordinance if the variance is not contrary to the public interest and, due to special conditions, a literal enforcement of the ordinance would result in unnecessary hardship, and so that the spirit of the ordinance is observed and substantial justice is done; and

8

> (4)    hear and decide other matters authorized by an ordinance adopted
>        under this subchapter.

TEX. LOC. GOV'T CODE ANN. § 211.009(a) (West, Westlaw through 2015 R.S.). Nowhere does the statute authorize the ZBOA to determine the validity of an ordinance passed by the City Council. *See id.* Instead, the ZBOA's authority is circumscribed by the City Council's ordinances, and its power to review decisions is limited to decisions made by "administrative officials." *See id.*; *see also id.* § 211.010(a) (stating that a person may appeal "a decision made by an administrative official" to the ZBOA). The City Council is not an "administrative official." Accordingly, the ZBOA's November 21, 2013 decision did not have the effect of repealing Ordinance No. 13-32, and appellants' claim asking for a declaration that the ordinance is invalid is not moot.

As noted, the City further contends that appellants' original claim is moot because ITEX received a building permit to develop the property in a manner that would have been allowed under the original 2F zoning designation. The City attached to its plea to the jurisdiction an affidavit by its Director of Development Services averring that the permit issued to ITEX was "to construct 39 duplexes and other improvements allowed by the City's 2F zoning classification for the property." However, as noted, the building permit issued to ITEX indicates that the City still considers the property to be zoned PD-36. In our analysis, we are required to take as true all evidence favorable to appellants. *See Miranda*, 133 S.W.3d at 227–28. Because the evidence is conflicting regarding whether the building permit allows development beyond what is permitted by the original 2F zoning designation, a fact issue was raised, thereby precluding dismissal. *See id.*

Even assuming that ITEX's proposed development would be allowed under the original 2F zoning designation, we disagree that this would render appellants' claims

9

moot. The City notes correctly that the Uniform Declaratory Judgments Act ("UDJA") "does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011). But the appellants in this case are not seeking a declaration of their rights under Ordinance 13-32; rather, they are seeking a declaration that Ordinance 13-32 is invalid. The Texas Supreme Court has repeatedly recognized that claims challenging the validity of statutes or ordinances are properly brought under the UDJA and that sovereign immunity does not apply to such claims. *See Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 76 (Tex. 2015); *Sefzik*, 355 S.W.3d at 622; *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (West, Westlaw through 2015 R.S.) ("In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party . . . .").

For the foregoing reasons, we conclude that the trial court erred in granting the plea to the jurisdiction as to the claim made in appellants' original petition that the ordinance is invalid. Appellants' first issue is sustained.

## C.    Failure to Exhaust Administrative Remedies

The trial court concluded that appellants failed to exhaust their administrative remedies only with regard to the claim, first raised by appellants in their amended petition, that ITEX's March 10, 2013 building permit was improperly issued. By their second issue, appellants contend that the trial court erred in granting the plea to the jurisdiction because they exhausted all administrative remedies with respect to this claim.

10

Generally, "where a statute creates an administrative remedy available to plaintiff, the plaintiff must first exhaust his administrative remedy before the district court has subject matter jurisdiction over the dispute." *Garcia-Marroquin v. Nueces Cnty. Bail Bond Bd.*, 1 S.W.3d 366, 375 (Tex. App.—Corpus Christi 1999, no pet.).

Here, the trial court was correct in determining that it lacked jurisdiction over this particular claim, because appellants never brought this issue to the ZBOA. As noted, the ZBOA is authorized by statute to "hear and decide an appeal that alleges error in an order, requirement, decision, or determination made by an administrative official," such as a decision by zoning administrator to grant a building permit. *See* TEX. LOC. GOV'T CODE ANN. § 211.009(a)(1). A person "aggrieved by a decision of the [ZBOA]" may then seek judicial review of that decision. *Id.* § 211.011(a)(1) (West, Westlaw through 2015 R.S.). When a party files suit without first exhausting any available remedies with the ZBOA, the court lacks subject-matter jurisdiction because the claim is not ripe. *See Waterway Ranch, LLC v. City of Annetta*, 411 S.W.3d 667, 683 (Tex. App.—Fort Worth 2013, no pet.); *City of Paris v. Abbott*, 360 S.W.3d 567, 573–74 (Tex. App.—Texarkana 2011, pet. denied); *Winn v. City of Irving*, 770 S.W.2d 10, 11 (Tex. App.—Dallas 1989, no writ) ("It is settled that the administrative remedies provided by Local Government Code section 211.009–.010 . . . must be exhausted before matters regarding nonconforming uses may be brought before the courts."). Because appellants did not exhaust their administrative remedies regarding their claim that the building permit issued to ITEX was improper, the trial court lacked jurisdiction over that claim.

Appellants' second issue is overruled.

11

### III. Conclusion

We affirm the trial court's judgment granting the City's plea to the jurisdiction as to appellants' claim, first made in their amended petition, that the March 10, 2013 building permit was improperly issued, because appellants failed to exhaust their administrative remedies as to that claim.

We reverse the trial court's judgment granting the City's plea to the jurisdiction as to appellants' claim, first made in their original petition, that Ordinance No. 13-32 is invalid because it did not receive the votes of a supermajority of the City Council. *See* TEX. LOC. GOV'T CODE ANN. § 211.006(d). We remand that claim for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
14th day of July, 2016.