

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00281-CV

NATHAN ORR, APPELLANT

V.

CITY OF RED OAK, TEXAS, APPELLEE

On Appeal from the 443rd District Court
Ellis County, Texas[1]
Trial Court No. 94937, Honorable Cynthia Ermatinger, Presiding

December 13, 2018

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Nathan Orr appeals from the trial court's order granting the City of Red Oak's plea to the jurisdiction. The City's plea was directed to Orr's failure to exhaust his administrative remedies before filing suit in district court on an adverse decision on Orr's application for a parking lot permit. We affirm the trial court's order granting the plea.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals. *See* TEX. GOV'T CODE ANN.§ 73.001 (West 2013).

Factual and Procedural Background

The City of Red Oak is a home-rule municipality under Texas state law. The city charter establishes a Board of Adjustment (BOA) with the powers and authority as set forth in Chapter 211 of the Texas Local Government Code. An appeal of a local administrative official's zoning decision may be brought to the BOA by "a person aggrieved by the decision" within a reasonable time. The powers of the BOA include the power "to make special exceptions to the terms of the zoning ordinances," to "hear and decide an appeal that alleges error in an order, requirement, decision, or determination made by an administrative official in the enforcement of" a zoning ordinance, and to "authorize in specific cases a variance from the terms of a zoning ordinance." TEX. LOC. GOV'T CODE ANN. §§ 211.008(a), 211.009(a)(1), (3) (West 2016).[2]

Orr is a resident of the City of Red Oak and owns Republic Heating & Air Conditioning. In the fall of 2015, Orr purchased a parcel of improved land with an existing building for the relocation of Republic's business operations. When Orr submitted a parking lot permit application for his newly purchased property, the Director of Public Works for the City reviewed the permit application for "general compliance [with] the City's Development Ordinance, Storm Drainage Design Manual, and good engineering practice" and issued comments on Orr's proposed parking lot expansion plans.[3]

---

[2] Further reference to provisions of the Texas Local Government Code will be by reference to "section __" or "§ __."

[3] Section 3.02.052 of the City's code of ordinances adopts and incorporates the 2012 International Building Code. RED OAK, TEX., CODE OF ORDINANCES § 3.02.052, http://z2codes.franklinlegal.net/franklin /z2Browser2.html?showset=redoakset. Section 104.1 of the IBC sets forth the duties and powers of the building official "to enforce the provisions of this code" including the power to "render interpretations of this code and to adopt policies and procedures in order to clarify the application of its provisions." Section 104.2 provides that the building official "shall receive applications, review construction documents and issue permits for the erection, and alteration, demolition and moving of buildings and structures, inspect the

According to the director, Orr needed to satisfy the twenty-nine specified comments before his plans could be submitted to the City's engineering department. Orr specifically objected to requirements to install a five-foot wide sidewalk along the frontage road of the property with ADA-compliant barrier-free ramps and to construct a screening wall along the perimeter of the property adjacent to residential lots. Instead of asking the BOA to review the director's requirements, Orr filed suit in district court seeking a declaratory judgment and injunction, claiming that the City's requirements are not required by applicable municipal ordinances, and pre-purchase assurances by the City estops the City from imposing the requirements.

In response, the City filed a plea to the jurisdiction asserting that the district court lacked subject matter jurisdiction to hear Orr's claims because Orr did not exhaust his administrative remedies by first presenting the claims to the BOA as required by the Local Government Code and the City's code of ordinances.

One week before the hearing, Orr filed a first amended petition alleging the conduct of the city officials involved were "ultra vires in nature." In his amended petition, Orr challenges the decision of the Director of Public Works and alleges the director is "without jurisdictional authority" and "continues to prevent [p]laintiff from obtaining the legally required parking lot construction permit . . . ." Orr further alleges the City's "[d]emands[4] are beyond the jurisdictional authority of the [d]efendant under all statutes, laws and regulations, in that these [d]emands are '[u]ltra [v]ires' in nature as [d]efendant's

_____

premises for which such permits have been issued and enforce compliance with the provisions of this code." The building official is authorized by section 103.3 to appoint a deputy building official, related technical officers, inspectors, plan examiners, and other employees with powers as delegated by the building official.

[4] Orr refers to the review comments by the Director of Public Works as "demands."

3

demands[:] a.) [e]xceed/go beyond or differ from the requirements of the ordinances actually enacted by the City; b.) [a]re based on ordinances that go beyond the City's authority under Chapters 211 and 212 of the Local Government Code; or, c.) [a]re made by Defendant's employees who are not authorized to make such demands." Finally, Orr alleges "these [d]emands are not required by applicable or statutorily authorized municipal ordinances under the facts of the case and on the further grounds, that [d]efendant's pre-purchase interpretation of its ordinances and resulting assurances made to [p]laintiff . . . estops the [d]efendant from imposing any of [d]efendant's [d]emands . . . ."

At the hearing on the plea to the jurisdiction, the City outlined the relevant provisions of the Local Government Code and the City's code of ordinances that govern zoning regulations and the administrative review process. According to the City, the Director of Public Works is a "building official" and his review and comments on Orr's parking lot expansion plans were wholly within the scope of his authority. The City also contends that Orr did not plead or present any evidence that he had exhausted his administrative remedies as required. Orr avers that the actions of the director and/or the City are an exception to the administrative remedies requirement because the actions involved are ultra vires in nature.

The City's plea to the jurisdiction was granted and the trial court dismissed Orr's suit with prejudice. The court also denied Orr's motion to modify, correct, and reform the judgment or, in the alternative, motion to reinstate.

4

Orr raises two issues challenging the trial court's order granting the plea to the jurisdiction and two issues related to the trial court's refusal to allow discovery. By his first issue, Orr contends that the City's plea to the jurisdiction was fatally flawed due to its failure to address Orr's first amended petition. By his second issue, Orr argues that the City's actions were ultra vires and an exception to the exhaustion of remedies requirement raised in the City's plea to the jurisdiction. Orr's third issue contends that the trial court erred in granting the plea to the jurisdiction due to the City's breach of a Rule 11 agreement and the City's failure to properly serve responses to his request for admissions. By his fourth issue, Orr contends the trial court erred in failing to grant his amended motion to enforce a Rule 11 discovery agreement, his motion to compel, and his motion for continuance before granting the City's plea to the jurisdiction.[5]

## Standard of Review

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The subject matter jurisdiction of a trial court may be challenged by a party filing a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

We review the ruling of a trial court on a plea to the jurisdiction de novo because the existence of jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*,

---

[5] Each of Orr's issues also alleges error in the trial court's denial of his motion to modify, correct, and reform the judgment.

133 S.W.3d 217, 226 (Tex. 2004). We start our review of the trial court's ruling on a plea to the jurisdiction with the live pleadings. *Id.* The allegations found in the pleadings may either affirmatively demonstrate or negate the trial court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised . . . ." *Id.* at 622 (quoting *Miranda*, 133 S.W.3d at 227). The trial court can hold a hearing on a plea to the jurisdiction and may consider affidavits and other summary judgment-type evidence. *FKM P'ship v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 628 (Tex. 2008). When receiving evidence at a hearing on a plea to the jurisdiction, the court takes as true all evidence favorable to the nonmovant and indulges every reasonable inference and resolves any doubts in the nonmovant's favor. *Kirwan*, 298 S.W.3d at 622. "If that evidence creates a fact issue as to the jurisdictional issue, then it is for the fact-finder to decide" and the court must deny the plea. *Id.* (citing *Miranda*, 133 S.W.3d at 227-28).

## Exhaustion of Administrative Remedies is a Jurisdictional Prerequisite

We begin our analysis by recognizing the constitutional presumption that district courts are authorized to resolve disputes unless the Constitution or other law conveys exclusive jurisdiction on another court or an administrative body. TEX. CONST. art. V, § 8; *In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex. 2004) (orig. proceeding). An administrative body has exclusive original jurisdiction when a pervasive regulatory scheme indicates that the legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex. 2002) (op. on reh'g).

When the legislature grants an administrative entity the sole authority to make an initial determination in a dispute, the administrative entity has exclusive original jurisdiction over the dispute. *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006). If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision. *Id.* Until the party has satisfied this exhaustion of remedies requirement, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. *Id.*

Administrative remedies available under Local Government Code section 211 generally must be exhausted before a party may seek judicial review of a determination made by an administrative official. *Lazarides v. Farris*, 367 S.W.3d 788, 798 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Horton v. City of Smithville*, No. 03-07-00174-CV, 2008 Tex. App. LEXIS 553, at *11-12 (Tex. App.—Austin Jan. 25, 2008, pet. denied) (mem. op.) (Texas Local Government Code sections 211.009 and 211.010 provide administrative remedies regarding local zoning decisions that must be exhausted before such matters may be brought to the courts for determination.)

Orr's lawsuit stems from decisions made by an administrative official of the City related to the City's exercise of its zoning power. The City's code of ordinances authorizes the building official to make decisions such as the ones that Orr complains of in his suit.[6] It is clear from Orr's pleading that he considers himself to be a person "aggrieved" by the decision or determination made by the director on his parking lot permit. *See* § 211.010(a)(1). While the director did not issue any type of official order

---

[6] Orr took issue with the requirements to install a sidewalk with ramps and a screening wall around the perimeter of his property.

declaring that Orr's parking lot permit was denied, we conclude that the director's written comments setting out the requirements necessary to have the permit forwarded to the City's engineers constitutes an "order, requirement, decision, or determination made by an administrative official in the enforcement of" a local zoning ordinance that requires Orr to appeal that determination to the BOA. *See* 211.009(a)(1).[7] The evidence is undisputed that Orr failed to have this determination reviewed by the BOA before he filed his lawsuit in district court. The failure to pursue all available remedies within the administrative process before seeking judicial relief deprives the trial court of jurisdiction. *See Winn v. City of Irving*, 770 S.W.2d 10, 11-12 (Tex. App.—Dallas 1989, no writ).

Ultra Vires Claims

Orr claims it was unnecessary to file an appeal to the BOA because the actions of the director or the City are ultra vires in nature and an exception to the exhaustion of remedies requirement. In certain circumstances, an exception to sovereign immunity may exist for claims of ultra vires actions of government officials if properly alleged and proved. *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). When a plaintiff alleges that a city employee in his official capacity acted ultra vires, we must examine whether the plaintiff's petition sufficiently pleaded his claims to defeat the City's plea to the jurisdiction. *See City of Richardson v. Cannon*, No. 05-18-00181-CV, 2018 Tex. App. LEXIS 9376, at *5-9 (Tex. App.—Dallas Nov. 16, 2018, no pet. h.) (mem. op.). While a plea to the jurisdiction "does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction," the plaintiffs

---

[7] This language does not require an official order by the City, but merely a determination by an administrative official—a public work's director, for example—regarding the enforcement of a zoning ordinance.

must do more than merely name a cause of action against the city official and assert the existence of a statutory or constitutional violation. *Miranda,* 133 S.W.3d at 223; *City of Paris v. Abbott,* 360 S.W.3d 567, 583 (Tex. App.—Texarkana 2011, pet. denied) (noting that governmental defendant remains immune from suit absent plaintiff's pleading of viable claim).

In order for a claim to fall within the ultra vires exception to governmental immunity, a plaintiff must plead an ultra vires claim as a suit against the official in his or her official capacity—not as a suit against the governmental entity itself. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009). The pleadings must "not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer "being sued (1) acted "without legal authority" or (2) "failed to perform a purely ministerial act." *Id.* at 372. Thus, the proper defendants in an ultra vires action are those officials whose acts or omissions allegedly violated the plaintiff's rights. *Montrose Mgmt. Dist*. v. *1620 Hawthorne, Ltd.,* 435 S.W.3d 393, 413 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Here, Orr has not sued the director of public works or any other city official. *See id*.; *see also Heinrich*, 284 S.W.3d at 372. Orr has presented no evidence that the building official was acting outside his capacity as director of public works when he issued the decision letter made the basis of Orr's suit. Nor has Orr presented any evidence that the building official or the City failed to perform a purely ministerial act. It is not sufficient for Orr to say he disagrees with the decision made by the director. *Office of the Comptroller of Pub. Accounts for the State of Tex. v. Farshid Enters., L.L.C.,* No. 03-16-00291-CV, 2017 LEXIS 3212, at *15 (Tex. App.—Austin Apr. 13, 2017, pet. denied) (mem. op.) (to

be cognizable, an ultra vires claim must challenge the government official's authority, not whether the government official made an incorrect decision).

In the present case, Orr failed to plead an actionable ultra vires claim against the City or any official. Until Orr has exhausted his administrative remedies through the process created in the Local Government Code, the trial court's subject-matter jurisdiction over those claims is lacking as a matter of law.

Contrary to Orr's contention that the City's plea did not address his first amended petition, we find the record indicates that the City responded to the ultra vires allegations and the court considered the arguments by both parties at the hearing on the plea before reaching its decision to grant the plea.[8] Issues one and two are overruled.

Determination of Jurisdiction before Discovery is Discretionary

In his third and fourth issues, Orr complains that the trial court erred in refusing to allow him to seek discovery[9] prior to ruling on the plea to the jurisdiction.

"The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Miranda*, 133 S.W.3d at 226. A trial court has discretion to rule on a plea to the jurisdiction "at a preliminary hearing or await a fuller development of the case," but

_____

[8] Both parties presented essentially the same arguments at the hearing on Orr's Motion to Modify, Correct, or Reform the Judgment.

[9] Orr sought rulings on the following motions prior to the court's decision on the plea: amended motion to enforce Rule 11 discovery agreement, motion to compel, and motion for continuance.

trial courts should be "*mindful that this determination must be made as soon as practicable.*" *Id.* at 227 (emphasis added).

Here, the trial court determined that discovery was not necessary to determine the City's plea to the jurisdiction because Orr's original and amended pleadings affirmatively negated the court's jurisdiction, as Orr failed to exhaust his administrative remedies. *Id.* at 226-27. No amount of discovery would change the fact that Orr did not exhaust his administrative remedies before filing a suit in district court. Finding that the trial court properly exercised its discretion concerning the discovery issues, we overrule issues three and four.

## Conclusion

Because Orr failed to exhaust his administrative remedies, we conclude that the trial court did not err in granting the City's plea to the jurisdiction and in denying the motion to modify, correct, or reform the judgment. The trial court's order is affirmed.

Judy C. Parker
Justice